UNITED STATES DISTRICT COURT
EASTERN DISRICT OF NEW YORK

--------------------------------------------------------------x

BARRON CHISOLM-LUCAS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMERICAN AIRLINES, INC.

Defendant.

--------------------------------------------------------------x

Case No.:

CLASS ACTION COMPLAINT
JURY DEMAND

1. Plaintiff Barron Chisolm-Lucas brings this action on behalf of himself and all similarly situated New York based American Airlines Flight Attendants (the "Class") against American Airlines for (1) failure to timely pay hourly wages in violation of Section 191 of the New York Labor Law, and (2) failure to provide accurate wage statements in violation of Section 195 of the New York Labor Law (the "Wage Theft Prevention Act") during the applicable six year statute of limitations period prior to the date of the filing of this action (the "Class Period").

**New York Labor Law Section 191 Violations**

2. New York Labor Law, Section 191, was enacted to ensure that hourly employees engaged in manual labor are paid every seven days and upon waiver by the State Department of Labor, at least bi-monthly and within seven days of the end of the pay period. Indeed, whether the pay period is seven days or bi-monthly, payment is required within seven days of the end of the pay period.

3. During the Class Period, American Airlines has not paid its New York based flight attendants - all of whom ostensibly are manual laborers, every seven days, or even bi-

weekly.[1] Instead, American Airlines' pay system divides each month into two halves: from mid-month until month-end; and from the beginning until the middle of the following month. Examples of Plaintiff's wage statements for the pay period November 15, 2022-November 30, 2022 and December 1, 2022 – December 15, 2022 have been attached as Exhibits A and B, respectively. The wage statements for each of these pay periods are dated 15 days *after* the end of these pay periods, and payment of wages occurred on the same day – 15 days *after* the end of each pay period. The first wage statement reflects no hours or rates at all, but simply reflects a loan or "advance" of $1,886.60; the second wage statement reflects Plaintiff's hours and rates for the entire period of November 15, 2022, through December 15, 2022, for which he received payment on December 31, 2022. In effect, American pays its hourly employees wages only once a month, and in the intervening half-month, provides them with an advance or loan against their monthly wages which are paid at month-end.

**New York Labor Law Section 195(3) Violations**

4. New York's Wage Theft Prevention Act was enacted in 2010 to provide certain protections to hourly paid employees in this state by ensuring, among other protections, that full explanations are provided to them as to how their wages were calculated at the end of each pay period. Specifically, Section 195 (3) mandates that the total of regular and overtime hours in each pay period be specified, along with the rates of pay, as well as the quantum of other forms of compensation such as bonuses and commissions.

5. The statute provides protection for employees against wage theft by *inter alia*, not

---

[1] As of May 1, 2023, American Airlines, Inc. is authorized to pay manual workers bi-monthly. *See* https://dol.ny.gov/system/files/documents/2023/05/monthlyrptinternetpostingpermissiontopaybimonthly-5.1.23.pdf. It is not clear from the DOL website whether prior authorization to do so was given to American Airlines.

allowing employers to delay or 'float' wages when due as well as enabling employees to determine from a review of their wage statement whether they have been properly paid at the correct hourly rate for the actual hours worked during the applicable pay period. The statute thus relieves the employees of any need to retrieve, maintain, and examine records outside the four corners of their wage statements, such as time punch records, schedules, and other records in the possession of the employer, or to maintain separate manual logs of their work activities themselves to determine whether or not their gross pay is accurate.

6. If an employee receives only a single-number advance or "loan" amount in a pay period, instead of wage statement which specifies the hours worked and rates for which he or she is being paid, it is not possible for an employee to determine how many of which type of hours he is being paid for, nor the rate being paid for those hours. The employee also has no way to tell if the advance is commensurate with the work actually performed during that pay period.

7. The statutory protections of Section 195(3) are especially important for hourly paid Flight Attendants of American Airlines due to the complexity of its pay system with multiple hourly rates applicable to various types of work. However, as described below, American Airlines fails to comply with the requirements of the Section 195(3) thus making it impossible for Flight Attendants to ascertain whether they have been paid the correct rate for the correct number of hours worked and for work actually performed in half their pay periods.

8. Instead, in alternate pay periods Plaintiff and the other American Airline Flight Attendants merely receive an estimated advance of regular, overtime, "red flag" and other bonus hours for the next upcoming future pay period. In the following pay period, they receive a single-line "advance recovery", which is an adjustment in the previously-estimated advance given to the Flight Attendant at the end of the preceding pay period. *See* Ex. A, at p. 2. As a

result, in a pay period where an advance occurs, it is not possible for any American Airlines Flight Attendant to determine exactly how many of each type of hours and the rates thereof s/he is actually being paid for without demanding (if it were possible to do so) other data maintained in American Airline's payroll system, or maintaining highly detailed manual logs of his/her own during each flight day.  American Airline's wage statement system thus injures employees by depriving them of explicit rights conferred by New York law.  At this juncture, Plaintiff does not know why American Airlines uses its particular wage statement system, as wage statement systems compliant with New York law are in use in the airline industry.

## PARTIES

9.     Plaintiff Barron Chisolm is an American Airline flight attendant who until March 2023 was based out of LaGuardia and John F. Kennedy International Airports in New York, New York, and a resident of Greensboro, North Carolina.

10.     Defendant American Airlines, Inc. ("American Airlines") is a Delaware corporation with its headquarters in Dallas, Texas.  American Airlines provides retail air transportation in New York and on a national and international basis.  American Airlines employs Flight Attendants at multiple airport locations throughout New York.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under the Class Action Fairness Act, Pub. L. 109-2, because the amount in controversy exceeds $5 million in the aggregate, diversity exists between Plaintiff and the Defendant, and there are at least one hundred members of the Class. 28 U.S.C. § 1332(d)(2), (6).

12.     This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in New York.

13. Venue is properly before this Court pursuant to 28 U.S.C. §1391(b)(2) as Defendant transacts business and may be found in this District, and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

**FACTS**

14. During the relevant time period, Plaintiff and other Flight Attendants have been employed by American Airlines within the meaning of the New York Labor Law.

15. From April 6, 2016, to the present, Plaintiff has been employed by American Airlines as a non-exempt, hourly paid Flight Attendant. Until March 2023, Plaintiff was based out of American Airline's terminals at LaGuardia and John Kennedy International Airports in New York City. Plaintiff's duties include, *inter alia*, assisting with the boarding of the aircraft, providing beverage and/or food service during flight, providing customer service, including, but not limited to, assistance with luggage, providing blankets, pillows and ear phones, cleaning and collecting trash on the plane, collaborating with the cockpit regarding flight status, providing leadership during flight irregularities, communicating with gate agents and ensuring the safety of the passengers.

16. Plaintiff is required to clock in an hour prior to his first flight of the day for domestic flights and an hour and fifteen minutes prior for international flights. Plaintiff receives a certain stipend for this pre-flight wait time. Plaintiff is not paid his regular rate of pay until the doors close on the plane prior to take off.

17. Once the plane lands and arrives at the gate, the regular rate of pay time clock stops. Plaintiff, however, is still working and required to wait for passengers to exit the plane and provide assistance to passengers as needed during this time. This process may take up to thirty (30) minutes. Plaintiff and the other Flight Attendants are not compensated for this time.

18.     When Plaintiff and other Flight Attendants are required to remain at the arrival destination for a layover, they are not compensated for their time spent traveling to and from the airport to their temporary accommodations.  Plaintiff and the other Flight Attendants are compensated at a rate of $2.00 per hour for layover time per diem, excluding commute time.

19.     Once per year, Plaintiff and other Flight Attendants are required to attend training mandated by the Federal aviation Administration ("FAA").  It is a two-day training that takes place in Defendant's primary hub city of Dallas, Texas.   Plaintiff and other Flight Attendants are paid $25 per hour or $275 per day, and not paid at their regular rate of pay.

20.     The pay structure for Flight Attendants at American Airlines is so complicated that Flight Attendants are provided with a seven-page description of all the different potential rates of pay, plus credits and reserves, that may be applied during the work week.  They are also provided with multi-page guidelines entitled "How to read Your Wage Statement." See Exhibit C attached hereto.

21.     The standard rate of pay, which is between $24.19 to $30.25 for the first year of service, depending on when the Flight Attendant commenced working at American Airlines, increases each year thereafter until year thirteen.

22.     There are minimum monthly guarantees of 71 hours for Lineholders at the standard hourly rate, minimum monthly guarantees of 75 hours for Reserves at the standard hourly rate and prorated minimum guarantees for Flight Attendants who are active for less than one full month of service.

23.     Different rates of "Purser, Lead, Aft and Galley Position Premium Pay" are provided at various rates, depending upon the type of aircraft and whether the flight is domestic or international.  These rates range from $1.00 to $7.50 per hour.

24. Holding time*, i.e.,* when a Flight Attendant is required to remain on duty with passengers on the aircraft at originating, intermediate and terminating stations, is not considered flight time for the purpose of flight time limitations. At originating and intermediate stations when the ground time exceeds the scheduled ground time by thirty (30) minutes, a Flight Attendant received $7.00 per hour for all time spent with passengers, excluding ground time. The same rate applies at crew change stations when the Flight Attendant is required to remain with passengers while waiting for replacements beyond forty-five (45) minutes.

25. Understaffing pay is provided to Flight Attendants at ten dollars and fifty cents ($10.5)) per hour, prorated to the nearest minute, should a flight be dispatched with fewer than the number of Flight Attendants required by staffing parameters.

26. Flight Attendants receive fifteen dollars ($15.00) pay for each random drug or alcohol test they are required to undergo after release from duty.

27. Flight Attendants may receive additional foreign language pay: $2.00 per hour, prorated to the nearest minute, is paid to Flight Attendants on flight segments requiring his/her foreign language skills. An international premium of $3.00 per hour or $3.75 per hour is paid on top of the $2.00 per hour on international flight segments requiring the Flight Attendant's foreign language skills.

28. Flight Attendants receive holiday pay of $75.00 per holiday, in addition to all other compensation, when working on a sequence or serving Reserve Standby duty, which touches a "Compensated Holiday", *i.e.*, Thanksgiving Day, Christmas Day and New Year's Day.

29. The different potential types of earning codes with various rates of pay which Plaintiff and the other Flight Attendants may see on their pay stubs in any given pay period include, but are not limited to, the following: F/A Regular Pay; Misc EQ Lead (202); Misc EQ

Lead (204); NIPD Lead (208); A321T PSR (206); 777PSR, 757IPDPSR (207); IPD PSR (209);
MiscEQ AFT, Gally (213); Understaffing Pay; Holding Time; F/A Training Pay; Red Flag; IPD;
NIPD; and PNC Above Guar.   Different hourly rates of pay apply depending on the task
performed and applicable code.

30.     When Plaintiff and other Flight Attendants first commence working at American
Airlines, their first wage statement and paycheck is an advance estimate based on their assigned
flight schedules.  It does not provide the hours worked and the applicable rates of pay. The total
earnings received are labeled "Earning Subtotal Available for Advance Recovery."  But this is
not an accurate statement reflecting the actual hours worked during the pay period or the various
activities performed and the applicable rates of pay.

31.     For the remainder of employment, American Airlines' pay system divides each
month into two equal pay periods: from roughly the fifteenth of each month until month-end; and
from the beginning of each month until approximately the fifteenth.  The wage statement for the
first of these pay periods includes an estimated wage amount "advance" for flight hours the
employee is expected to fly during the current pay period based on American Airlines' flight
schedules.  The advance is simply a one-line, single-entry number, such that there is no way to
know if it is for regular, overtime, "red flag" or any of the many other types of pay listed in
Paragraph 29 above.

32.     The successive wage statement then reverses this advance with an adjustment in
the same amount, and then states the amount of regular, overtime, red flag and other types of pay
for the entire preceding month's time period covering two entire pay periods.

33.     As a result of American Airlines' practice of paying Flight Attendants based on
estimates without providing the hours worked for work actually performed and the applicable

rates of pay, every other wage statement issued  to the Flight Attendants fails to reflect the actual

hours worked with the applicable rates of pay for the stated pay period, and thus violates the

New York Labor Law, Article 6, § 195.

34.     Moreover, the actual hours worked by Plaintiff and the other Flight Attendant are

not paid for work actually performed in each pay period until 15 days following the end of the

pay periods.  As a result, Plaintiff and the other Flight Attendants are not (a) paid wages – as

opposed to loans or advances - for work performed during half of their pay periods until up to 45

days after the work has been performed, or 23 days after the end of these pay periods, and (b)

paid wages 15 days after the end of the other half of their pay periods.  At all times, American

Airlines fails to pay its Flight Attendants for work performed within the pay period within seven

days of the end of their pay periods as required by New York law.

35.     Plaintiff and other American Airlines Flight Attendants have suffered injury in

fact as a result of American Airlines' failure to provide wage statements which comply with

NYLL, Article 6, § 195(3).  Plaintiff and other Flight Attendants suffer financial injury through

actual underpayment in half their pay periods as well as delayed wages in all their pay periods as

well as "downstream consequences" as a result of failing to receive the required wage statement

information under the NYLL in half their pay periods where they receive advances instead if

wages.  Unlike hourly paid workers who receive a standard and consistent hourly rate up to forty

hours per week and overtime pay at one and a half times the standard hourly rate, the American

Airlines Flight Attendants' hourly rate of pay varies from week to week and depends on

numerous factors, including, but not limited to, the type of airliner, the route flown, whether the

flight is domestic or international, hold time, layovers and other factors.

36.     For pay periods in which Plaintiff has received wage statements reflecting merely

advances and not wages paid for hours worked, Plaintiff has attempted to ascertain whether he has been properly paid by American Airlines.  Despite his expenditure of effort and time, it remains unclear – if not impossible - for Plaintiff to determine whether he has been properly paid.  Indeed, as a result of American Airlines' failure to provide necessary information on the Flight Attendants' wage statements under the NYLL, Plaintiff and the other Flight Attendants are unable to ascertain for these pay periods whether they have been properly paid for the actual work performed and hours worked, and if not, timely advocate for proper pay.

37.     As a result of American Airlines' violation of the New York Labor Law, it is impossible for Plaintiff and other Flight Attendants to ascertain whether the advances or "loans" they are receiving in lieu of wages in half their pay periods correctly reflect the amount of wages they have actually earned and therefore, they have no way to advocate for whatever the correct amount those wages may be.

38.     In addition, Plaintiff and the other Flight Attendants have been denied the opportunity to access and use their earned wages in a timely manner, and/or earn interest income on their earned wages, because their earned wages are not timely paid following the pay period in which the wages were earned as required by New York Labor Law.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff incorporates by reference the foregoing allegations as if set forth herein.

40.     Plaintiff brings this action individually and on behalf of a Class comprised of the following:  All persons who worked for American Airlines as a Flight Attendant based at a New York airport between the date which is six years before the filing of this complaint until the date

a class is certified.

41.     There are more than 100 persons, if not more, in he Class (the exact number will be in Defendant's records), and the Class is so numerous that joinder of all members is impracticable.

42.     Defendant has engaged in the same conduct towards Plaintiff and the other members of the Class by: (a) failing to provide them with accurate Wage Statements which enable them to ascertain whether they have been properly paid for the total hours worked at the proper rates of pay as required by the New York Labor Law; and (b) failing to timely pay Plaintiff and the other members of the Class within seven days of the end of the pay period.

43.     The claims, defenses, and injuries of Plaintiff are typical of the claims, defenses, and injuries of the Class.

44.     The injuries and damages to Plaintiff and the Class present questions of law and fact that are common to each member of the Class, and that are common to the Class as a whole.

45.     Plaintiff will fully and adequately protect and represent the Class.

46.     The identity of all members of the Class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendant.

47.     The prosecution of separate actions by each member of the Class would create a substantial risk of inconsistent or varying adjudications with regard to individual Class members and would establish incompatible standards of conduct for Defendant.

48.     The maintenance of a Class action is the superior means of disposing of the common questions which predominate herein.

**COUNT ONE**

**NEW YORK LABOR LAW:**
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
**(Brought On Behalf of Plaintiff and the Class)**

49. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50. American Airlines has failed to supply Plaintiff and the Class with an accurate statement of wages with every payment of wages as required by the NYLL, Article 6, § 195(3), which requires the actual dates of work covered by that payment of wages; name of employee, name of employer, address and phone of employer, rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

51. Indeed, every other wage statement received by Plaintiff and the other Flight Attendants is merely an advance or loan based on an estimate of the hours worked during the dates of work covered by that pay period. The estimate is based on Plaintiff's and the other Flight Attendants' assigned flight schedules and does not accurately reflect the actual hours worked and the rates of pay and the basis thereof, for the stated pay period. Each subsequent wage statement contains an additional one-line adjustment labeled "Advance Recovery", which consists of reversal of the advance from the previous pay period and then a statement of the actual wages for the previous and the current pay periods.

52. Due to Defendant's violations of NYLL § 195(3), Plaintiff and the Class are not reasonably able to determine during half their pay periods whether they have been paid the proper rate of pay for the number of hours actually worked. As a result, Plaintiff and the Class have suffered actual damages, including, but not limited to, the loss of use of money by which

these advances are less than the actual wages earned and due during these pay periods, as well as time and effort expended in the attempt to reconcile whether the advances reflect proper pay for the actual hours worked and various tasks performed at varying rates of pay.

53.     Plaintiff and the Class also are entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendant failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorney's fees and costs as provided for by NYLL, Article 6, § 198.

**NEW YORK LABOR LAW: FAILURE TO PAY WAGES BI-MONTHLY**
**(Brought on behalf of Plaintiff and the Class)**

54. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

55. Plaintiff and the Class have spent 25 percent or more of their working time as Flight Attendants for American Airlines engaged in physical labor and are manual workers for the purposes of the New York Labor Law.

56. New York Labor Law Section 191 requires manual workers to be paid wages weekly and not later than seven calendar days after the end of the week in which the wages are earned.

57. Employers with over 1000 employees in New York may apply to the New York Department of Labor Commissioner to pay laborers semi-monthly. As of May 1, 2023, American Airlines, Inc. is authorized to pay manual workers bi-monthly. See https://dol.ny.gov/system/files/documents/2023/05/monthlyrptinternetpostingpermissiontopaybimonthly-5.1.23.pdf. Defendant, however, is still required to pay its manual workers within seven days of any particular pay period, even on a bi-monthly basis. Instead, Defendant takes between a full month to 45 days to pay Plaintiff and the Class for wages earned during half of its bi-monthly pay periods as the wage statements for these pay periods and the amounts paid for them do not reflect or constitute any wages at all. For the other half of its pay periods, Defendant takes 15 days to pay wages, rather than paying within seven days of the pay period as required by the New York Labor Law.

58. One of the primary purposes of New York's frequency of payment law is to ensure that workers receive payment as often as possible to meet their expenses and avoid going into debt unnecessarily. Defendant's pay schedules, which underpay Flight Attendants for work performed during the first half of the month then attempt to pay all wages in the second half of

the month for actual labor performed during both halves of the month, undermine the objective and policy behind New York's frequency of payment law.

59.     Defendant maintained a policy, practice and/or procedure whereby Defendant failed to pay Plaintiff and the Class for labor within seven (7) days of the end of  every pay period and also failed to pay Plaintiff and the Class for labor semi-monthly.  Instead, Defendant paid Plaintiff and the Class an estimated advance for the first half of the month and then made a corrected payment during the second half of the month based on actual labor performed during both halves of the month.  Thus, Plaintiff and the Class were not paid within seven days of the end of each pay period and are required to wait additional 8 to 23 days for full payment for all wages earned during the pay periods.

60.     Defendant's practice resulted in Plaintiff and Class not receiving timely payment of wages for labor performed for the benefit of Defendant in compliance with New York law.

61.     Plaintiff and the Class are entitled to up to 100% of the untimely paid wages, plus interest thereon at the legal rate until payment was and is actually made.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests this Court grant the following relief:

A.     Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.     Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

C.     Actual damages to be determined at trial;

D.     Injunctive relief, including, but not limited to, requiring American Airlines to provide accurate wage statements in compliance with the NYLL.

E. Statutory penalties of two hundred and fifty dollars for each workday that Defendant failed to provide Plaintiff and the Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6, §198.

F. Prejudgment and post-judgment interest at the legal rate;

G. Reasonable attorney's fees and costs of the action; and

H. Such other relief as this Court shall deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: July 3, 2023

New York, New York

**GISKAN SOLOTAROFF & ANDERSON LLP**

*/s/ Catherine E. Anderson*
Catherine E. Anderson
canderson@gslawny.com
90 Broad Street, Second Floor
New York, New York 10004
(212) 847-8315

Roosevelt N. Nesmith, Esq.
*roosevelt@nesmithlaw.com*
**LAW OFFICE OF**
**ROOSEVELT N. NESMITH LLC**
400 Broadacres Drive, Suite 260
Bloomfield, New Jersey 07003
Tel: (973) 259-6990
Fax: (866) 848-1368

David R. Markham, Esq.
*dmarkham@markham-law.com*
Maggie Realin, Esq.
mrealin@markham-law.com
**THE MARKHAM LAW FIRM**
888 Prospect St., Suite 200
La Jolla, California 92037
Tel: (619) 399-3995
Fax: (619) 615-2067
*Counsel for Plaintiff and the Class*

# Exhibit A

American Airlines **Pay Statement**

American Airlines, Inc.
PHX-RWE-PAY
1 Skyview Drive, Fort Worth, TX 76155
1-800-447-2000

## 11/15/2022 - Regular Payroll (Mid-Month)

**Mr Barron Chisolm (808717)**
2207 Flora Vista Ct
Greensboro NC 27406

**Job** Flight Attendant(81073002)
**Base** LaGuardia Airport
**Company FEIN** 13-1502798

**Pay Period:** 10/16/2022 - 10/31/2022
**Contract Month:** October 10/01/2022 - 10/31/2022

| Sen | Effective |
|---|---|
| 06 | 04/06/2022 |

| Status/Allowance/Percent. | | |
|---|---|---|
| FED | Married JT | 0 |
| NC | Single | 0 |
| NY | | 0 |

| Available | |
|---|---|
| Sick | 0.0000 |

| Summary | Gross Earnings | Pre-Tax Deduction | Taxes | After-Tax Deduction | Net Pay |
|---|---|---|---|---|---|
| **Current** | 1,747.65 | 134.65 | 136.73 | 215.91 | 1,260.36 |
| **Year to Date** | 43,841.58 | 3,018.87 | 5,509.63 | 4,381.88 | 31,193.47 |

### EARNINGS

| Earnings | Period End | Rate | Hours | Current | Year to Date |
|---|---|---|---|---|---|
| F/A Regular Pay | | 49.76 | 59.87 | 2,978.97 | 34,589.53 |
| **Subtotal** | | | **59.87** | **2,978.97** | **34,589.53** |
| PNC Above Guar | | 0.00 | 0.00 | 0.00 | 875.49 |
| Red Flag | | 0.00 | 0.00 | 0.00 | 648.85 |
| **Subtotal** | | | **0.00** | **0.00** | **1,524.34** |
| Misc EQ Lead (202) | | 2.50 | 38.95 | 97.38 | 586.05 |
| Misc EQ Lead (204) | | 0.00 | 0.00 | 0.00 | 654.39 |
| F/A Training Pay | | 0.00 | 0.00 | 0.00 | 325.00 |
| F/A Holiday Wrk | | 0.00 | 0.00 | 0.00 | 75.00 |
| NIPD | | 3.00 | 21.90 | 65.70 | 350.45 |
| **Subtotal** | | | | **163.08** | **1,990.89** |
| **Earnings Subtotal Available for Advance Recovery** | | | | **3,142.05** | **38,104.76** |
| F/A Adv Pay Processed | | 0.00 | 0.00 | 0.00 | 15,068.50 |
| Advance Recovery | | 0.00 | 0.00 | -1,866.00 | -16,774.00 |
| **Earnings after Advance** | | | | **1,276.05** | **36,399.26** |
| AAdvantage Cash | | 0.00 | 0.00 | 0.00 | 2,455.00 |
| Buy Onboard Commission | | 0.00 | 0.00 | 2.10 | 6.97 |
| F/A EXP - D Taxable | | 0.00 | 0.00 | 0.00 | 41.62 |
| F/A EXP - D Non-Taxable | | 2.20 | 140.55 | 309.21 | 4,231.95 |
| F/A EXP - I Non-Taxable | | 2.50 | 64.12 | 160.29 | 548.63 |
| EE Recognition GUp Tax | | 0.00 | 0.00 | 0.00 | 8.15 |
| Parking Toll | | 0.00 | 0.00 | 0.00 | 150.00 |
| **Other Earnings Subtotal** | | | | **471.60** | **7,442.32** |
| **Gross Earnings Grand Total** | | | | **1,747.65** | **43,841.58** |

### DEDUCTIONS

| Pre-Tax Deductions | Current | Year to Date |
|---|---|---|
| Medical Coverage | 64.95 | 1,087.09 |
| Dental Coverage | 3.02 | 50.52 |
| Vision Coverage | 2.88 | 48.19 |
| 401k | 63.80 | 1,833.07 |
| **Total Pre-Tax Deductions** | **134.65** | **3,018.87** |

| Taxes | Current | Year to Date |
|---|---|---|
| **Federal Taxes** | | |
| Withholding Tax | 6.77 | 1,183.89 |
| EE Social Security Tax | 74.91 | 2,357.15 |
| EE Medicare Tax | 17.52 | 551.27 |
| **State Taxes NC** | | |
| Withholding Tax | 31.00 | 1,401.00 |
| **State Taxes NY** | | |
| EE Family Leave Insur | 6.53 | 16.32 |
| **Total Taxes** | **136.73** | **5,509.63** |

| After-Tax Deductions | Current | Year to Date |
|---|---|---|
| Pet Insurance | 11.77 | 129.47 |
| Roth 401k | 63.80 | 1,833.07 |
| 401k Loan #1 | 99.47 | 1,714.92 |
| 401k Loan #2 | 20.37 | 325.92 |
| Union Dues - APFA | 20.50 | 348.50 |
| Charity Contr./PP | 0.00 | 30.00 |
| **Total After-Tax Deductions** | **215.91** | **4,381.88** |

| Overpayments | Moved to A/R | Original Balance | Current Recovery | Total Recovery | Overpayment Balance |
|---|---|---|---|---|---|

| Taxable Earnings | Current | Year To Date |
|---|---|---|
| **Federal Taxes** | | |
| Withholding Tax | 1,144.40 | 36,185.48 |
| EE Social Security Tax | 1,208.20 | 38,018.55 |
| EE Medicare Tax | 1,208.20 | 38,018.55 |
| **State Taxes NC** | | |
| Withholding Tax | 1,144.40 | 36,185.48 |

| Additional Information | Current | Year To Date |
|---|---|---|
| 401k Company Match | 31.90 | 916.54 |
| 401k Company Contrib. | 38.28 | 1,099.86 |
| **Imputed Income** | **Current** | **Year to Date** |
| Group Term Life | 0.90 | 15.09 |
| EE Recognition Gross-Up | 0.00 | 15.99 |

### NET EARNINGS DISTRIBUTION

| Account Type | Bank Name | Account Number | Date | Deposit Amount | Currency |
|---|---|---|---|---|---|
| Saving Account | AMERICAN AIRLINES FCU | *****5016 | 11/15/2022 | 50.00 | USD |
| Checking Account | NAVY FEDERAL CREDIT UNION | ******2125 | 11/15/2022 | 50.00 | USD |
| Checking Account | Cross River Bank | ******8790 | 11/15/2022 | 50.00 | USD |
| Checking Account | GREEN BANK, N.A. | *************2784 | 11/15/2022 | 156.70 | USD |
| Checking Account | AMERICAN AIRLINES FCU | *********7253 | 11/15/2022 | 953.66 | USD |

| Earnings | Date | Actual Time | Rate | Hours | Amount | Comments |
| --- | --- | --- | --- | --- | --- | --- |

Your Details Report is generated for your mid-month check or when you receive a prior period adjustment. Access your historical Details Reports by visiting

https://pay.aa.com

American Airlines
American Airlines, Inc.
PHX-RWE-PAY
1 Skyview Drive, Fort Worth, TX 76155
1-800-447-2000

# Pay Statement

## 11/30/2022 - Regular Payroll (End of Month)

**Mr Barron Chisolm (808717)**
2207 Flora Vista Ct
Greensboro NC 27406

**Job** Flight Attendant(81073002)
**Base** LaGuardia Airport
**Company FEIN** 13-1502798

**Pay Period:** 11/01/2022 - 11/15/2022
**Contract Month:** November 11/01/2022 - 12/01/2022

| Sen | Effective |
|---|---|
| 06 | 04/06/2022 |

| Status/Allowance/Percent. | | |
|---|---|---|
| FED | Married JT | 0 |
| NC | Single | 0 |
| NY | | 0 |

| Available | |
|---|---|
| Sick | 0.0000 |

| Summary | Gross Earnings | Pre-Tax Deduction | Taxes | After-Tax Deduction | Net Pay |
|---|---|---|---|---|---|
| **Current** | 1,966.00 | 164.15 | 325.64 | 245.41 | 1,230.80 |
| **Year to Date** | 45,807.58 | 3,183.02 | 5,835.27 | 4,627.29 | 32,424.27 |

### EARNINGS

| Earnings | Period End | Rate | Hours | Current | Year to Date |
|---|---|---|---|---|---|
| F/A Regular Pay | | 0.00 | 0.00 | 0.00 | 34,589.53 |
| **Subtotal** | | | **0.00** | **0.00** | **34,589.53** |
| PNC Above Guar | | 0.00 | 0.00 | 0.00 | 875.49 |
| Red Flag | | 0.00 | 0.00 | 0.00 | 648.85 |
| **Subtotal** | | | **0.00** | **0.00** | **1,524.34** |
| Misc EQ Lead (202) | | 0.00 | 0.00 | 0.00 | 586.05 |
| Misc EQ Lead (204) | | 0.00 | 0.00 | 0.00 | 654.39 |
| F/A Training Pay | | 0.00 | 0.00 | 0.00 | 325.00 |
| F/A Holiday Wrk | | 0.00 | 0.00 | 0.00 | 75.00 |
| NIPD | | 0.00 | 0.00 | 0.00 | 350.45 |
| **Subtotal** | | | | **0.00** | **1,990.89** |
| **Earnings Subtotal Available for Advance Recovery** | | | | **0.00** | **38,104.76** |
| F/A Adv Pay Processed | | 49.76 | 37.50 | 1,866.00 | 16,934.50 |
| Advance Recovery | | 0.00 | 0.00 | 0.00 | -16,774.00 |
| **Earnings after Advance** | | | | **1,866.00** | **38,265.26** |
| AAdvantage Cash | | 0.00 | 0.00 | 100.00 | 2,555.00 |
| Buy Onboard Commission | | 0.00 | 0.00 | 0.00 | 6.97 |
| F/A EXP - D Taxable | | 0.00 | 0.00 | 0.00 | 41.62 |
| F/A EXP - D Non-Taxable | | 0.00 | 0.00 | 0.00 | 4,231.95 |
| F/A EXP - I Non-Taxable | | 0.00 | 0.00 | 0.00 | 548.63 |
| EE Recognition GUp Tax | | 0.00 | 0.00 | 0.00 | 8.15 |
| Parking Toll | | 0.00 | 0.00 | 0.00 | 150.00 |
| **Other Earnings Subtotal** | | | | **100.00** | **7,542.32** |
| **Gross Earnings Grand Total** | | | | **1,966.00** | **45,807.58** |

### DEDUCTIONS

| Pre-Tax Deductions | Current | Year to Date |
|---|---|---|
| Medical Coverage | 64.95 | 1,152.04 |
| Dental Coverage | 3.02 | 53.54 |
| Vision Coverage | 2.88 | 51.07 |
| 401k | 93.30 | 1,926.37 |
| **Total Pre-Tax Deductions** | **164.15** | **3,183.02** |

| Taxes | Current | Year to Date |
|---|---|---|
| **Federal Taxes** | | |
| Withholding Tax | 97.62 | 1,281.51 |
| EE Social Security Tax | 121.29 | 2,478.44 |
| EE Medicare Tax | 28.37 | 579.64 |
| **State Taxes NC** | | |
| Withholding Tax | 68.00 | 1,469.00 |
| **State Taxes NY** | | |
| EE Family Leave Insur | 10.36 | 26.68 |
| **Total Taxes** | **325.64** | **5,835.27** |

| After-Tax Deductions | Current | Year to Date |
|---|---|---|
| Pet Insurance | 11.77 | 141.24 |
| Roth 401k | 93.30 | 1,926.37 |
| 401k Loan #1 | 99.47 | 1,814.39 |
| 401k Loan #2 | 20.37 | 346.29 |
| Union Dues - APFA | 20.50 | 369.00 |
| Charity Contr./PP | 0.00 | 30.00 |
| **Total After-Tax Deductions** | **245.41** | **4,627.29** |

| Overpayments | Moved to A/R | Original Balance | Current Recovery | Total Recovery | Overpayment Balance |
|---|---|---|---|---|---|
| | | | | | |

| Taxable Earnings | Current | Year To Date |
|---|---|---|
| **Federal Taxes** | | |
| Withholding Tax | 1,863.01 | 38,048.49 |
| EE Social Security Tax | 1,956.31 | 39,974.86 |
| EE Medicare Tax | 1,956.31 | 39,974.86 |
| **State Taxes NC** | | |
| Withholding Tax | 1,863.01 | 38,048.49 |

| Additional Information | Current | Year To Date |
|---|---|---|
| 401k Company Match | 46.65 | 963.19 |
| 401k Company Contrib. | 55.98 | 1,155.84 |
| F/A End Adv Pay Balance | 1,866.00 | 0.00 |

| Imputed Income | Current | Year to Date |
|---|---|---|
| NRSA Tax Val | 60.26 | 60.26 |
| Group Term Life | 0.90 | 15.99 |
| EE Recognition Gross-Up | 0.00 | 15.99 |

### NET EARNINGS DISTRIBUTION

| Account Type | Bank Name | Account Number | Date | Deposit Amount | Currency |
|---|---|---|---|---|---|
| Saving Account | AMERICAN AIRLINES FCU | *****5016 | 11/30/2022 | 50.00 | USD |
| Checking Account | NAVY FEDERAL CREDIT UNION | ******2125 | 11/30/2022 | 100.00 | USD |
| Checking Account | GREEN BANK, N.A. | *************2784 | 11/30/2022 | 156.70 | USD |
| Checking Account | AMERICAN AIRLINES FCU | *********7253 | 11/30/2022 | 924.10 | USD |

# Details Report

Mr Barron Chisolm (808717)

## Earnings

| Date | Actual Time | Rate | Hours | Amount | Comments |
|---|---|---|---|---|---|

Your Details Report is generated for your mid-month check or when you receive a prior period adjustment. Access your historical Details Reports by visiting

https://pay.aa.com

# Exhibit B

American Airlines

# Pay Statement

American Airlines, Inc.
PHX-RWE-PAY
1 Skyview Drive, Fort Worth, TX 76155
1-800-447-2000

## 12/15/2022 - Regular Payroll (Mid-Month)

**Mr Barron Chisolm (808717)**
2207 Flora Vista Ct
Greensboro NC 27406

**Job** Flight Attendant(81073002)
**Base** LaGuardia Airport
**Company FEIN** 13-1502798

**Pay Period:** 11/16/2022 - 12/01/2022
**Contract Month:** November 11/01/2022 - 12/01/2022

| Sen | Effective |
|---|---|
| 06 | 04/06/2022 |

| Status/Allowance/Percent. | | |
|---|---|---|
| FED | Married JT | 0 |
| NC | Single | 0 |
| NY | | 0 |

| Available | |
|---|---|
| Sick | 0.0000 |

| Summary | Gross Earnings | Pre-Tax Deduction | Taxes | After-Tax Deduction | Net Pay |
|---|---|---|---|---|---|
| **Current** | 2,479.58 | 168.49 | 288.63 | 249.75 | 1,772.71 |
| **Year to Date** | 48,287.16 | 3,351.51 | 6,123.90 | 4,877.04 | 34,196.98 |

### EARNINGS

| Earnings | Period End | Rate | Hours | Current | Year to Date |
|---|---|---|---|---|---|
| F/A Regular Pay | | 49.76 | 60.85 | 3,027.90 | 37,617.43 |
| **Subtotal** | | | **60.85** | **3,027.90** | **37,617.43** |
| PNC Above Guar | | 49.76 | 11.77 | 585.51 | 1,461.00 |
| Red Flag | | 0.00 | 0.00 | 0.00 | 648.85 |
| **Subtotal** | | | **11.77** | **585.51** | **2,109.85** |
| Misc EQ Lead (202) | | 2.50 | 45.60 | 114.00 | 700.05 |
| Misc EQ Lead (204) | | 3.25 | 6.32 | 20.53 | 674.92 |
| F/A Training Pay | | 0.00 | 0.00 | 0.00 | 325.00 |
| F/A Holiday Wrk | | 0.00 | 0.00 | 0.00 | 75.00 |
| NIPD | | 3.00 | 23.65 | 70.95 | 421.40 |
| **Subtotal** | | | | **205.48** | **2,196.37** |
| **Earnings Subtotal Available for Advance Recovery** | | | | **3,818.89** | **41,923.65** |
| F/A Adv Pay Processed | | 0.00 | 0.00 | 0.00 | 16,934.50 |
| Advance Recovery | | 0.00 | 0.00 | -1,866.00 | -18,640.00 |
| **Earnings after Advance** | | | | **1,952.89** | **40,218.15** |
| AAdvantage Cash | | 0.00 | 0.00 | 0.00 | 2,555.00 |
| Buy Onboard Commission | | 0.00 | 0.00 | 0.00 | 6.97 |
| F/A EXP - D Taxable | | 0.00 | 0.00 | 0.00 | 41.62 |
| F/A EXP - D Non-Taxable | | 2.20 | 137.15 | 301.73 | 4,533.68 |
| F/A EXP - I Non-Taxable | | 2.50 | 89.98 | 224.96 | 773.59 |
| EE Recognition GUp Tax | | 0.00 | 0.00 | 0.00 | 8.15 |
| Parking Toll | | 0.00 | 0.00 | 0.00 | 150.00 |
| **Other Earnings Subtotal** | | | | **526.69** | **8,069.01** |
| **Gross Earnings Grand Total** | | | | **2,479.58** | **48,287.16** |

### DEDUCTIONS

| Pre-Tax Deductions | Current | Year to Date |
|---|---|---|
| Medical Coverage | 64.95 | 1,216.99 |
| Dental Coverage | 3.02 | 56.56 |
| Vision Coverage | 2.88 | 53.95 |
| 401k | 97.64 | 2,024.01 |
| **Total Pre-Tax Deductions** | **168.49** | **3,351.51** |

| Taxes | Current | Year to Date |
|---|---|---|
| **Federal Taxes** | | |
| Withholding Tax | 70.61 | 1,352.12 |
| EE Social Security Tax | 116.74 | 2,595.18 |
| EE Medicare Tax | 27.30 | 606.94 |
| **State Taxes NC** | | |
| Withholding Tax | 64.00 | 1,533.00 |
| **State Taxes NY** | | |
| EE Family Leave Insur | 9.98 | 36.66 |
| **Total Taxes** | **288.63** | **6,123.90** |

| After-Tax Deductions | Current | Year to Date |
|---|---|---|
| Pet Insurance | 11.77 | 153.01 |
| Roth 401k | 97.64 | 2,024.01 |
| 401k Loan #1 | 99.47 | 1,913.86 |
| 401k Loan #2 | 20.37 | 366.66 |
| Union Dues - APFA | 20.50 | 389.50 |
| Charity Contr./PP | 0.00 | 30.00 |
| **Total After-Tax Deductions** | **249.75** | **4,877.04** |

| Overpayments | Moved to A/R | Original Balance | Current Recovery | Total Recovery | Overpayment Balance |
|---|---|---|---|---|---|

| Taxable Earnings | Current | Year To Date |
|---|---|---|
| **Federal Taxes** | | |
| Withholding Tax | 1,785.30 | 39,833.79 |
| EE Social Security Tax | 1,882.94 | 41,857.80 |
| EE Medicare Tax | 1,882.94 | 41,857.80 |
| **State Taxes NC** | | |
| Withholding Tax | 1,785.30 | 39,833.79 |

| Additional Information | Current | Year To Date |
|---|---|---|
| 401k Company Match | 48.82 | 1,012.01 |
| 401k Company Contrib. | 58.59 | 1,214.43 |
| Er Sponsored Healthcare | 8,876.28 | 8,876.28 |

| Imputed Income | Current | Year to Date |
|---|---|---|
| NRSA Tax Val | 0.00 | 60.26 |
| Group Term Life | 0.90 | 16.89 |
| EE Recognition Gross-Up | 0.00 | 15.99 |

### NET EARNINGS DISTRIBUTION

| Account Type | Bank Name | Account Number | Date | Deposit Amount | Currency |
|---|---|---|---|---|---|
| Saving Account | AMERICAN AIRLINES FCU | *****5016 | 12/15/2022 | 50.00 | USD |
| Checking Account | GREEN BANK, N.A. | *************2784 | 12/15/2022 | 156.70 | USD |
| Checking Account | NAVY FEDERAL CREDIT UNION | ******2125 | 12/15/2022 | 100.00 | USD |
| Checking Account | NAVY FEDERAL CREDIT UNION | ******2125 | 12/15/2022 | 1,466.01 | USD |

**Earnings**

| Date | Actual Time | Rate | Hours | Amount | Comments |
|---|---|---|---|---|---|

Your Details Report is generated for your mid-month check or when you receive a prior period adjustment. Access your historical Details Reports by visiting

https://pay.aa.com

American Airlines **Pay Statement**

American Airlines, Inc.
PHX-RWE-PAY
1 Skyview Drive, Fort Worth, TX 76155
1-800-447-2000

## 12/30/2022 - Regular Payroll (End of Month)

**Mr Barron Chisolm (808717)**
2207 Flora Vista Ct
Greensboro NC 27406

**Job** Flight Attendant(81073002)
**Base** LaGuardia Airport
**Company FEIN** 13-1502798

**Pay Period:** 12/02/2022 - 12/16/2022
**Contract Month:** December 12/02/2022 - 12/31/2022

| Sen | Effective |
|---|---|
| 06 | 04/06/2022 |

| Status/Allowance/Percent. | | |
|---|---|---|
| FED | Married JT | 0 |
| NC | Single | 0 |
| NY | | 0 |

| Available | |
|---|---|
| Sick | 0.0000 |

| Summary | Gross Earnings | Pre-Tax Deduction | Taxes | After-Tax Deduction | Net Pay |
|---|---|---|---|---|---|
| Current | 1,916.00 | 164.15 | 287.37 | 245.41 | 1,219.07 |
| Year to Date | 50,539.87 | 3,532.50 | 6,438.75 | 5,139.29 | 35,691.60 |

### EARNINGS

| Earnings | Period End | Rate | Hours | Current | Year to Date |
|---|---|---|---|---|---|
| F/A Regular Pay | | 0.00 | 0.00 | 0.00 | 37,617.43 |
| **Subtotal** | | | **0.00** | **0.00** | **37,617.43** |
| PNC Above Guar | | 0.00 | 0.00 | 0.00 | 1,797.71 |
| Red Flag | | 0.00 | 0.00 | 0.00 | 648.85 |
| **Subtotal** | | | **0.00** | **0.00** | **2,446.56** |
| Misc EQ Lead (202) | | 0.00 | 0.00 | 0.00 | 700.05 |
| Misc EQ Lead (204) | | 0.00 | 0.00 | 0.00 | 674.92 |
| F/A Training Pay | | 0.00 | 0.00 | 0.00 | 325.00 |
| F/A Holiday Wrk | | 0.00 | 0.00 | 0.00 | 75.00 |
| NIPD | | 0.00 | 0.00 | 0.00 | 421.40 |
| **Subtotal** | | | | **0.00** | **2,196.37** |
| **Earnings Subtotal Available for Advance Recovery** | | | | **0.00** | **42,260.36** |
| F/A Adv Pay Processed | | 49.76 | 37.50 | 1,866.00 | 18,800.50 |
| Advance Recovery | | 0.00 | 0.00 | 0.00 | -18,640.00 |
| **Earnings after Advance** | | | | **1,866.00** | **42,420.86** |
| AAdvantage Cash | | 0.00 | 0.00 | 50.00 | 2,605.00 |
| Buy Onboard Commission | | 0.00 | 0.00 | 0.00 | 6.97 |
| F/A EXP - D Taxable | | 0.00 | 0.00 | 0.00 | 41.62 |
| F/A EXP - D Non-Taxable | | 0.00 | 0.00 | 0.00 | 4,533.68 |
| F/A EXP - I Non-Taxable | | 0.00 | 0.00 | 0.00 | 773.59 |
| EE Recognition GUp Tax | | 0.00 | 0.00 | 0.00 | 8.15 |
| Parking Toll | | 0.00 | 0.00 | 0.00 | 150.00 |
| **Other Earnings Subtotal** | | | | **50.00** | **8,119.01** |
| **Gross Earnings Grand Total** | | | | **1,916.00** | **50,539.87** |

### DEDUCTIONS

| Pre-Tax Deductions | Current | Year to Date |
|---|---|---|
| 401k | 93.30 | 2,134.15 |
| Medical Coverage | 64.95 | 1,281.94 |
| Dental Coverage | 3.02 | 59.58 |
| Vision Coverage | 2.88 | 56.83 |
| **Total Pre-Tax Deductions** | **164.15** | **3,532.50** |

| Taxes | Current | Year to Date |
|---|---|---|
| **Federal Taxes** | | |
| Withholding Tax | 73.36 | 1,425.48 |
| EE Social Security Tax | 114.45 | 2,730.51 |
| EE Medicare Tax | 26.77 | 638.59 |
| **State Taxes NC** | | |
| Withholding Tax | 63.00 | 1,596.00 |
| **State Taxes NY** | | |
| EE Family Leave Insur | 9.79 | 48.17 |
| **Total Taxes** | **287.37** | **6,438.75** |

| After-Tax Deductions | Current | Year to Date |
|---|---|---|
| Roth 401k | 93.30 | 2,134.15 |
| Pet Insurance | 11.77 | 164.78 |
| 401k Loan #1 | 99.47 | 2,013.33 |
| 401k Loan #2 | 20.37 | 387.03 |
| Union Dues - APFA | 20.50 | 410.00 |
| Charity Contr./PP | 0.00 | 30.00 |
| **Total After-Tax Deductions** | **245.41** | **5,139.29** |

| Overpayments | Moved to A/R | Original Balance | Current Recovery | Total Recovery | Overpayment Balance |
|---|---|---|---|---|---|

| Taxable Earnings | Current | Year To Date |
|---|---|---|
| **Federal Taxes** | | |
| Withholding Tax | 1,752.75 | 41,906.41 |
| EE Social Security Tax | 1,846.05 | 44,040.56 |
| EE Medicare Tax | 1,846.05 | 44,040.56 |
| **State Taxes NC** | | |
| Withholding Tax | 1,752.75 | 41,906.41 |

| Additional Information | Current | Year To Date |
|---|---|---|
| 401k Company Match | 46.65 | 1,067.08 |
| 401k Company Contrib. | 55.98 | 1,280.51 |
| F/A End Adv Pay Balance | 1,866.00 | 0.00 |
| Er Sponsored Healthcare | 0.00 | 8,876.28 |

| Imputed Income | Current | Year to Date |
|---|---|---|
| Group Term Life | 0.90 | 17.79 |
| EE Recognition Gross-Up | 0.00 | 15.99 |
| NRSA Tax Val | 0.00 | 60.26 |

### NET EARNINGS DISTRIBUTION

| Account Type | Bank Name | Account Number | Date | Deposit Amount | Currency |
|---|---|---|---|---|---|
| Saving Account | AMERICAN AIRLINES FCU | *****5016 | 12/30/2022 | 50.00 | USD |
| Checking Account | AMERICAN AIRLINES FCU | *********7253 | 12/30/2022 | 200.00 | USD |
| Checking Account | NAVY FEDERAL CREDIT UNION | ******2125 | 12/30/2022 | 969.07 | USD |

| Earnings | Date | Actual Time | Rate | Hours | Amount | Comments |
|---|---|---|---|---|---|---|

Your Details Report is generated for your mid-month check or when you receive a prior period adjustment. Access your historical Details Reports by visiting

https://pay.aa.com

# Exhibit C

# How to Read and Understand Your Pay Statement
# Legacy American Airlines
# Flight Attendants

Updated as of 1/9/2017

## Table of Contents

Sample Pay Statement....1

Pay Statement Section Explanations....3

Pay Statement General Information....4

Questions....5

# Sample Flight Attendant Pay Statement – Page 1 of 2

**American Airlines, Inc.**
4333 Amon Carter Blvd.
Fort Worth, TX 76155
1-800-447-2000

**ELECTRONIC PAY STATEMENT**

**This Pay Statement is accessible on ePays through Jetnet**

1

| Cmpy | Pay Area | Emp ID | Employee Name | Period | Seq # | Check Date | Cost Center |
|---|---|---|---|---|---|---|---|
| AA00 | S2 | 123456 | ASHLEY B. SAMPLE | 02 | | 1/29/2016 | 1234/1234 |

| Gross Pay | Pre-Tax Ded. | Total Taxes | After-Tax Ded. | Overpmt Ded. | Overpmt Bal. | Net Pay |
|---|---|---|---|---|---|---|
| 7,911.34 | 161.34 | 2,218.55 | 876.72 | 0.00 | 0.00 | 4,654.73 |

2

C = Current Period
R = Retro (Prior) Period
EE = Employee
Hourly Pay Basis

3

TOTAL YTD EARNINGS

| Description | YTD Amount |
|---|---|
| YTD Earnings | 10,198.46 |
| Taxable Income | 9,434,47 |

4

PAY PERIOD AMOUNTS

| Description | Hours | Amount |
|---|---|---|
| R Regular Pay | 136.40 | 7,732.52 |
| R Base Pay | 70.00- | 3,968.30- |
| C Base Pay | 35.00 | 1,984.15 |
| R IPD | 136.40 | 511.50 |
| R Voluntary Duty Extension | 13.87 | 770.89 |
| R Aft Pay Premium Dom | 136.40 | 136.40 |

OTHER - TAXABLE

| Description | Hours | Amount |
|---|---|---|
| R Rand Alcoh Test | | 15.00 |
| R Rand Drug Test | | 15.00 |
| R TAFB W D AA F/A | 64.02 | 134.44 |

OTHER - NON TAXABLE

| Description | Hours | Amount |
|---|---|---|
| R TAFB NW I AA F/A | 241.56 | 579.74 |

Total Gross 7,911.34

5

PRE TAX DEDUCTIONS

| Description | Amount | YTD Amount |
|---|---|---|
| C Medical Coverage | 79.62 | 159.24 |
| C Dental Coverage | 4.08 | 8.16 |
| C Health Care FSA | 75.00 | 150.00 |
| C Vision | 2.64 | 5.28 |

Total Pre Tax Deductions 161.34

6

TAXES

| Description | | Amount | YTD Amount |
|---|---|---|---|
| Federal | MS:Single | | Dep: 01 |
| Withholding Tax | | 1,657.68 | 1,837.97 |
| EE Social Security Tax | | 454.56 | 584.94 |
| EE Medicare Tax | | 106.31 | 136.80 |

# Sample Flight Attendant Pay Statement – Page 2 of 2

| Total Taxes | 2,218.55 | |
|---|---|---|

AFTER TAX DEDUCTIONS

7

| Description | Amount | YTD Amount |
|---|---|---|
| C Credit Union | 386.99 | 386.99 |
| C Employee Life | 57.11 | 57.11 |
| C NRSA Charges | 13.74 | 13.74 |
| C Union Due: AA APFA | 20.50 | 20.50 |
| C Roth 401k | 378.38 | 378.38 |
| C DFW Wings | 20.00 | 20.00 |

| Total After Tax Deductions | 876.72 |
|---|---|

IMPUTED INCOME - TAXABLE

8

| Description | Amount | YTD Amount |
|---|---|---|
| Group Term Life | 6.60 | 13.20 |
| NRSA Tax Val | 52.30 | 52.30 |

INFORMATIONAL ONLY

9

| Description | Hours | Amount | YTD Amount |
|---|---|---|---|
| C Co Cont FA/AA 9.9% | | 709.54 | 945.61 |

NRSA CHARGES

10

| ORI-DES | TICKET# / PASS NAME | CL TC | FLT DATE | VALUATION AMOUNT | SVC INCL | CHG TAX | NET VALUATION |
|---|---|---|---|---|---|---|---|
| ATL-MIA | SAMPLE | A | F2 12/19 | | | 13.74 | |
| | TOTAL NRSA CHARGES | | | | | 13.74 | |

NON-REV CHARGES INCLUDE ANY APPLICABLE COUNTRY TAXES, AIPORT CHARGES AND FEES. FOR A COMPLETE BREAKDOWN OF CHARGES, REFER TO YOUR TRAVEL HISTORY INFORMATION ON JETNET.

HOURS BY PERIOD

11

| Description | | Hours |
|---|---|---|
| ----- Pay Period | 23 2015 | 12/01/2015 - 12/15/2015 ----- |
| Base Pay | | 35.00- |
| ----- Pay Period | 23-24 2015 | 12/01/2015 - 12/31/2015 ----- |
| *Regular Pay | | 136.40 |
| Base Pay | | 35.00- |
| IPD | | 136.40 |
| Voluntary Duty Extension | | 13.87 |
| Aft Pay Premium Dom | | 136.40 |
| ----- Pay Period | 02 2016 | 01/16/2016 - 01/31/2016 ----- |
| Base Pay | | 35.00 |
| Total hours paid | | 136.40 |

**Your net pay was deposited into your account *****1234 at bank 1234567890.**
**Your net pay for this period is $4,654.73.**

# Pay Statement Section Explanations

**SECTION 1**
***Employee Personal Information***
Includes your Company Code, Payroll Area, Employee ID Number, Name and Cost Center.

***Summary Data*** – The section following personal information displays the total amount of earnings as Gross Pay (Section 4), Pre-Tax Deductions (Section 5), Taxes (Section 6), and After-Tax Deductions (Section 7) from the corresponding detail sections of your check stub. The overpayment columns are used only when the employee has been overpaid due to situations such as receiving a higher advance than actually worked, etc.

Group Term Life and NRSA Tax Valuation are not included in calculating Gross Pay, but are included as taxable earnings. To reconcile the summary data section, begin on the left side with Gross Pay and subtract each item to the right to determine Net Pay.

**SECTION 2**
***Legend*** – Defines some abbreviated codes found on your paycheck stub.

You will notice a "C" or "R" beside items listed on your check. "C" identifies the item as a payment or deduction for the current pay period.

"R" identifies the item as a payment or deduction from a previous pay period.

**SECTION 3**
***Total Year-to-Date Earnings*** – Lists your total earnings to date for the current year, and specifies that portion which is subject to tax.

**YTD Earnings** – Represents all amounts paid to you, whether taxable or not.

**Taxable income** – Represents taxable compensation, which includes imputed income such as NRSA Tax Valuation and Group Term Life.

**SECTION 4**
***Pay Period Amounts*** – Lists a description of your earnings.

As a flight attendant, some earning types you may see include:

**R Regular Pay** – These are the regular hours and pay from **previous** pay period(s) based on what you actually worked. When regular hours (which includes sick and vacation time) from a prior period are paid, the Base from that period will be recovered automatically (regardless if there are no regular hours worked).

**R Base Pay** – These are the hours advanced based on the number of active days for a previous period. A negative amount indicates a "Base" pay advance recovery.

**C Base Pay** – These are the hours advanced based on the time that you're anticipated to work this pay period. The end of the current pay period is the date of the check and you will be paid through that date.

**Premiums** – This action also outlines premiums such as Purser, Lead, Galley, etc. They are broken out by aircraft type for Lead Pay and premium type for other premiums (e.g. Aft Lead, Galley)

**R TAFB W D/I AA** – These are taxable expense reimbursements (customary for turnaround sequences that do not result in you being away from base overnight) from the previous period and are broken up between domestic and international expenses. Any Per Diem amount that was recorded in excess of the daily limit is subject to taxation and is listed separately from non-taxable expense reimbursement.

**R TAFB NW D/I AA** - These are non-taxable expense reimbursements (for sequences that result in you being away from base one or more nights) from the previous period and are broken up between domestic and international expenses.

**Example End of Month January Paycheck:**
R Regular Pay: (December) Total hours worked
R Base Pay: (December) Base hours previously paid
C Base Pay: (January) Base hours for Jan 16-30

***See Page 4 for other common earnings types.***

**SECTION 5**
***Pre-Tax Deductions*** – Includes your deductions for health coverage, life insurance, pre-tax contributions to your 401(k) plan and any other pre-tax benefits you have elected.

**SECTION 6**
***Taxes*** – Lists your federal, state, and local taxes, including your filing status (married, single, number of dependents.) Note that some jurisdictions are exempt from state and/or local income taxes.

**SECTION 7**
***After Tax Deductions*** – Lists your deductions for after-tax benefits, NRSA charges, Credit Union, charitable contributions, garnishments, etc., which are deducted from your paycheck after taxes are calculated.

**SECTION 8**
***Imputed Income - Taxable*** – Per IRS regulations, the value of benefits or services are to be considered income and are subject to taxes. Imputed income is not deducted from your net or gross pay; instead, it is added to your Gross Taxable Earnings on your pay statement. NRSA benefits used by employees who are not immediate family members per IRS guidelines are subject to imputed income for the travel benefit. For Group term life the imputed cost of coverage in excess of $50,000 must be included in income and is subject to taxes.

**SECTION 9**
***Informational Only*** – For eligible flight attendants, this section lists the company contribution (Co Cont AA FA/AA 9.9%) into your 401k. There is a maximum limit to the amount that can be contributed to your 401k; when that amount is reached, the Company Contribution is paid out to you in Section 4 as Excess Co Cont. This section will also show any applicable employee purchases.

**SECTION 10**
***NRSA Charges*** – Lists your applicable segments flown in the prior period. Also lists any applicable service charges, along with any airport fees or international taxes.

**SECTION 11**
***Hours By Period*** – Hours by period details a breakdown of the hours and premiums being paid or recovered by pay period.

# Pay Statement Section Explanations

***Other Earnings Types*** – The following are common earning types that flight attendants may also see on their pay statements:

- **Location Delay Incentive – LE Pay –** Occurs when a FA is delayed departing from an IPD station (Europe, Asia, and "Deep" South America) for *more than* 10 hours from the scheduled departure time; 5 hours of pay and credit – including all premiums – in addition to the value of the trip. FAs receive additional 5 hours if flight is delayed *more than* 24 hours and for each subsequent 24 hour period thereafter. This pay is included in your R Regular Pay total.

- **Voluntary Extension of Duty Day (Domestic) – VE Pay** - When a FA voluntarily agrees to continue working beyond the published on-duty limitations (contractual) in exchange for one minute of flight pay for each two minutes on duty (report to release + 15 minutes) for the entire duty day.

- **Voluntary Extension of Duty Day (International) – VE Pay -** Applicable to non-long range flying only; 200% pay of block time – including premiums

- **Drug Testing -** A flight attendant will be paid $15.00 for each random drug or alcohol test s/he is required to undergo after her/his release from duty. There is no credit associated with the test or payment.

- **Holding Time -** Occurs when a FA is required to remain on duty with customers on the aircraft at originating, intermediate and terminating stations. Kicks in at originating and intermediate stations when the actual ground time exceeds the *scheduled* ground time by 30 minutes. $7.00 per hour or fraction thereof.

- **ATC Hold/Actual "Out" (Code 59) -** Pay & Credit for Delayed engine start: When the captain elects to delay starting engines due to quoted takeoff delays, flight time will be considered to begin at the time the aircraft would normally have departed.

  Code 59: Applicable in the event of a delay at the gate awaiting pushback, powerback, or taxi due to congestion; de-icing, maintenance performed on the aircraft after gate departure and before takeoff, and delays due to de-icing congestion. Flight time pay and credit based on actual out time established by the captain.

- **International Override (IPD and NIPD) -** IPD = $3.75/hour or fraction thereof prorated to nearest minute on IPD trip sequences (those flying to Europe, Asia, and "Deep" South America); NIPD = $3.00/hour or fraction thereof prorated to nearest minute for all other international flying (Caribbean, Mexico, Hawaii, Central America and "near/mid" South America)

If there are questions on pay types that have not been discussed in this guide, please see Page 5 to find contact information of the appropriate department. Also refer to the JCBA, which can be found on Jetnet. Whereas the above are summary explanations, the JCBA is the source document and supersedes the above explanations.

---

***Pay Increase Due to Seniority Date*** – Pay increases based on Class Seniority date will be effective for the activity on and/or after the applicable seniority date.

---

***Taxes –***

- Many taxing authorities use complicated withholding formulas. SHARP can accommodate complex tax formulas. As a result, you may notice your withholding amounts vary slightly and more closely match your tax liability.
- Your tax withholding amount is determined by the information you provide on your W-4, such as marital status, allowances, your work location and residence. Your tax calculation will be applied to regular as well as adjustment checks (check issued for time corrections). Checks such as profit sharing, bonus, etc. will reflect a flat rate tax computation at the applicable federal rate. State and local taxes will be computed with the appropriate state and local rates.
- If you transfer between certain companies, for example from American Airlines to American Eagle, your Social Security Tax (FICA) deduction will begin at zero at the new company, as required by federal tax regulations. If you earn more than the annual Social Security Tax ceiling and work for more than one company, you may have excess Social Security Tax withheld for the year. If that happens, request a refund from the IRS via the annual federal income tax return process by submitting the appropriate Schedule form. Consult your tax professional for specifics.
- In addition to federal taxes your paycheck clearly lists the local (city, county, etc.) taxes that are withheld.

Local taxes that are deducted once a month are taken from the first check of each month.

***Corrections and Adjustment Checks –*** When you are due an adjustment to your paycheck, the adjustment will appear on your next regular paycheck (if the adjustment amount due is less than $100). Adjustment checks (checks issued outside your normal pay schedule) will be issued on an exception basis only. These checks will reflect your regular tax rate. Adjustment checks will have deductions for 401(k) contributions, garnishments and overpayment repayments, if applicable. Deductions for Benefit items, Credit Union, 401(k) Loans, Union Dues or Charitable contributions are not taken on Adjustment checks, including Adjustment checks issued in place of a Regular pay check.

***Direct Deposit –*** Employees who elect to receive their paycheck by Direct Deposit will be issued all checks via Direct Deposit, including regular, incentive, and profit sharing checks. Employees who do not have a direct deposit bank will be enrolled in the company's Paycard Program, administered by the Money Network. Information on the Paycard Program is available on Jetnet in the Jetnet Help Center by searching for "Electronic Payroll Distribution Service".

**QUESTIONS?**

- **For Time/Hours Questions**, Contract Crew Comp at 1-800-VIP-CREW
- **For Benefits Questions**, Contact Benefits at 1-888-860-6178
- **For 401k Questions**, Contact 401k at my401k@aa.com or the Fidelity Service Center either at www.netbenefits.com/aa or by calling 1-888-860-6178
- **For Travel Questions**, Contract Travel at employee.travel@aa.com or 1-800-447-2000; Option 3
- **For All Other Questions**, email the Payroll Service Center at PSC@aa.com, access live chat on ePays and select "Chat with Payroll Services", or call 1-800-447-2000; Option 6