# GISKAN SOLOTAROFF & ANDERSON LLP
## Attorneys at Law

August 31, 2023

<u>VIA ECF</u>
Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Room S905, Courtroom 6C South
Brooklyn, New York 11201

      Re:    <u>*Chisolm-Lucas v. American Airlines, Inc.*, No. 1:23-cv-05177- KAM-JRC</u>

Dear Judge Matsumoto:

      This firm, along with the Markam Law Firm and the Law Offices of Roosevelt N. Nesmith, represent Plaintiff Chisolm-Lucas and members of the putative class in the above-referenced matter. We submit this response to Defendant American Airlines, Inc.'s letter dated August 22, 2023, requesting a pre-motion conference with respect to its proposed motion to dismiss Plaintiff Chisolm-Lucas's claims for violation of the New York Labor Law, §§ 191(1)(a) and 195(3). For the reasons set forth herein, American Airline's motion to dismiss should be denied.

    I.    **<u>Plaintiff Chisolm-Lucas Has Sufficiently Alleged Violation of Section 191(1)(a)</u>**

      Section 191(1)(a) requires that "manual worker[s]" be "paid weekly and not later than seven calendar days after the end of the week in which the wages are earned." Defendant American Airlines argues Plaintiff Chisolm-Lucas and the other flight attendants are not manual workers as a matter of law, and thus, are not required to be paid every seven days. Whether flight attendants are "manual workers" under the New York Labor Law involves questions of fact that cannot be resolved on a motion to dismiss. See *Levy v. Endeavor Air Inc.*, 2022 U.S. Dist. LEXIS 201798; 638 F. Supp. 3d 324 (E.D.N.Y. 2022) (denying motion to dismiss flight attendant's §191 claim). In *Levy*, the flight attendant plaintiff alleged that "more than 25% of her work involves physical labor and lists specific tasks as examples." *Id*., 2022 U.S. Dist. LEXIS 201798, *12, n5. Here too, Plaintiff Chisolm-Lucas has alleged that more than 25% of his work as a flight attendant involves physical labor, including "providing beverage and/or food service during flight, providing. . . assistance with luggage, providing blankets, pillows and ear phones, cleaning and collecting trash on the plane." Complaint, ¶¶ 15, 55. The Eastern District of New York held in *Levy* that "these allegations are sufficient to conclude, for purposes of this motion, that she [flight attendant Levy] falls within NYLL's 'manual worker' definition." 2022 U.S. Dist. LEXIS 201798, *12, n5*., citing Beh v. Cmty. Care Companions Inc.*, No. 19 Civ. 1417 (JLS) (HBS), 2021 U.S. Dist. LEXIS 197316, 2021 WL 3914297, at *3-4 (W.D.N.Y. Feb. 1, 2021), *report and recommendation adopted*, No. 19 Civ. 1417 (JLS) (HBS), 2021 U.S. Dist. LEXIS 130723, 2021 WL 3914320 (W.D.N.Y. June 23, 2021). In accordance with *Levy,* Defendant's motion to dismiss Plaintiff's § 191 claim on the grounds that flight attendants are

not manual workers as a matter of law must be denied.

### A. The NY DOL Waiver Is Effective Only As Of May 1, 2023

Defendant American Airlines argues that even if Plaintiff Chisolm-Lucas and the other flight attendants are "manual workers," it has obtained a waiver from the New York Department of Labor, effective May 1, 2023, to pay manual workers' earned wages bi-monthly in the State of New York. However, it does not appear the waiver was in effect throughout Plaintiff's employment commencing in 2016 and the applicable six-year class period. See Complaint, ¶¶ 3, n1, 15, 57. Thus, absent evidence to the contrary, Defendant violated the seven-day manual worker pay rules of § 191(a)(1) from July 6, 2017 (six years prior to this action being commenced) until May 1, 2023, when the NY DOL waiver was issued.

### B. Section 191 Is Not Pre-empted By The Railway Labor Act

Citing ERISA pre-emption decisions, Defendant argues that if Plaintiff Chisolm-Lucas and the other flight attendants are manual workers, then their claim for violation of § 191 is preempted by the Railway Labor Act ("RLA"). Defendant is wrong. While ERISA provides complete field preemption, the RLA does not. See *Sullivan v. Am. Airlines, Inc*., 424 F.3d 267, 276 (2d Cir. 2005) (unlike ERISA, the "RLA does not completely preempt state-law claims that come within its scope"). Instead, under the RLA "[w]here the resolution of a state-law claim depends on an interpretation of [a collective-bargaining agreement], the claim is preempted." *Id*., at 270. In *Levy*, the Eastern District of New York denied the airline defendant's motion to dismiss the flight attendant's §191 claim based on RLA pre-emption, holding "[i]t is simply premature at this time to determine whether the ultimate resolution of what is a question of New York statutory law will require incursion into fields preempted by federal statutory law." 2022 U.S. Dist. LEXIS 201798, *13. This Court further held in *Levy* "defendant's contention that the Court will have to interpret the CBA in determining how often [flight attendant] Levy was paid is without merit." *Id.*; *see also*, *Ward v. United Airlines*, 986 F.3d 1234, 1244 (9th Cir. 2021) (RLA did not preempt wage statement claims under the Cal. Labor Code § 226(a); "A court will not need to interpret the meaning of any terms of the CBAs to determine whether the wage statements include United's name and address or an itemized statement of the hours worked and the applicable hourly rates.").

Here too, in order to determine how often Plaintiff Chisolm-Lucas and the other flight attendants were paid, it is not necessary for the Court to interpret or apply the CBA. Defendant's motion to dismiss the § 191 claim based on RLA preemption must be denied.

### C. American Airlines Does Not Pay Flight Attendants' Earned Wages Bi-Monthly or Within Seven Days of the Pay Period

Defendant American Airlines argues that it has complied with § 191 because it is required to pay its flight attendants bi-monthly and does so. Again, Defendant raises a factual argument contradicted by the allegations in the Complaint. Indeed, Plaintiff Chisolm- Lucas has alleged that he and the other flight attendants are not paid their earned wages bi-monthly. Instead, American Airlines pays its Flight Attendant's earned "wages **only once a month**, and in the intervening half-month, [it] provides them with an advance or loan against their monthly

wages," rather than paying their actual earned wages. Complaint, ¶ 3, (emphasis added). The "advance" is not reflective of wages earned but instead is an estimate which then is adjusted either upwards or downwards in the following pay period to reflect actual wages earned. *Id*., ¶ 59. Moreover, Plaintiff Chisolm-Lucas has alleged that American Airlines further violates § 191 because it is required to pay its flight attendants within seven days of any particular pay period in which the wages have been earned, even if this is on a bi-monthly basis. Instead, Defendant takes between 30 to 45 days to pay Plaintiff and the other flight attendants for wages earned during half of the bi-monthly pay periods. Complaint, ¶ 57.

## II.     **Plaintiff Chisolm-Lucas Has Alleged Violation of Section 195(3)**

Section 195(3) of the NYLL mandates that the total of regular and overtime hours in each pay period be specified, along with the rates of pay, as well as the quantum of other forms of compensation such as bonuses and commissions. See Complaint, ¶ 50. Plaintiff Chisolm-Lucas has alleged that those American Airline wage statements which reflect an "advance" fail to meet the requirements of § 195(3). Complaint, ¶ 51. American Airlines argues this claim fails because Plaintiff Chisolm-Lucas has not alleged actual injury for Article III standing. This is incorrect. Plaintiff Chisolm-Lucas has alleged that as a result of Defendant's failure to comply with the requirements of § 195 (3), he and the other flight attendants have "suffered actual damages, including, but not limited to, the loss of use of money by which these advances are less than the actual wages earned and due during these pay periods, as well as time and effort expended in the attempt to reconcile whether the advances reflect proper pay for the actual hours worked and various tasks performed at varying rates of pay." *Id*., ¶ 52.

The Second Circuit has described the injury-in-fact requirement as "a low threshold." *John v. Whole Food Markets Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017). In contrast to technical violations of § 195(3) that have been dismissed for lack of standing, *see, e.g., Francisco v. NY Tex Care, Inc.*, No. 19 Civ. 1649, 2022 U.S. Dist. LEXIS 55633, 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022), Plaintiff Chisolm-Lucas's allegations "go beyond asserting a bare statutory violation and sufficiently allege a concrete harm." See *Mateer v. Peloton Interactive, Inc*., 2022 U.S. Dist. LEXIS 125017, *2 (S.D.N.Y. July 14, 2022)(denying motion to dismiss §195(3) claim for lack of Article III standing where plaintiff alleged his paystubs co-mingled wages and commission credit and deduction amounts from prior pay periods, which prevented him from determining how much he was *actually* paid in any given pay period); see also, *Metcalf v. TransPerfect Translations International, Inc*., 2023 U.S. Dist. LEXIS 54340, *18 (S.D.N.Y. March 29, 2023) (denying motion to dismiss § 195(3) claim based on lack of Article III standing where for nine months plaintiffs "did not know they were not receiving due compensation, and they were thereby prevented from obtaining their earned pay . . . [and] as a result of TransPerfect's WTPA violation, they remain unable to determine whether the remedial payments issued by TransPerfect are in fact adequate, since the wage statements provided during the nine-month period did not reflect the hours that they actually worked"). Here, Plaintiff Chisolm-Lucas similarly has alleged monetary injury resulting from violation of § 195(3), which is a concrete harm sufficient for purposes of Article III standing. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204, (2021); *see also Imbarrato v. Banta Mgmt. Servs.*, 2020 U.S. Dist. LEXIS 49740, 2020 WL 1330744, at *9 (S.D.N.Y. Mar. 20, 2020) (rejecting standing challenge to § 195(3) claim, in part, because plaintiffs asserted a concrete and particularized

injury arising from defendants' failure to provide them with wage notices and pay stubs tied to deprivation of adequate wages).

      This is not a case where employees are paid correctly but there is a technical violation on the face of their wage statements. Here, flight attendants are underpaid wages for time worked in alternating pay periods when the law requires full payment of those wages. This constitutes financial injury sufficient to confer standing within the meaning of Article III. The fact that the underpaid amounts may be made up in later pay periods (but without legal interest) does not erase the continuing injury or justify allowing American Airlines to benefit from the "float."

Respectfully Submitted,

By: */s/ Catherine E. Anderson*

Catherine E. Anderson
Giskan Solotaroff & Anderson LLP
90 Broad Street, 2nd Floor
New York, New York 10004
(212) 847-8315
canderson@gslawny.com

cc:    All counsel of record (via ECF)