

O'Melveny & Myers LLP  
Times Square Tower  
7 Times Square  
New York, NY 10036-6537

T: +1 212 326 2000  
F: +1 212 326 2061  
omm.com

September 18, 2023

**Mark W. Robertson**  
D: +1 212-326-4329

<u>VIA ECF</u>

The Honorable Kiyo A. Matsumoto  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

Re:   <u>*Chisolm-Lucas v. Am. Airlines, Inc.*, No. 1:23-cv-05177-KAM-RML (E.D.N.Y.)—Joint Status Letter</u>

Dear Judge Matsumoto:

Plaintiff Barron Chisolm-Lucas and Defendant American Airlines, Inc. submit this joint letter pursuant to the Court's September 11, 2023 Order. The parties have met and conferred and jointly propose the following:

- Plaintiff will file an amended complaint by October 2, 2023, adding a claim in the alternative for violation of New York Labor Law Section 191(1)(d). American consents to Plaintiff filing an amended complaint.

- Assuming the amended complaint simply adds an alternative claim for violation of New York Labor Law Section 191(1)(d) as the parties discussed, American does not intend to file a motion to dismiss the amended complaint, and will answer the amended complaint by October 23, 2023.

The parties, however, disagree over how the case should proceed after American answers the amended complaint. The parties set forth their respective positions below.

<u>Plaintiff's Position</u>

This case presents two predominant and straight forward issues under the NYLL: (a) whether Plaintiff and other Flight Attendants were timely paid their earned wages; and (b) whether the wage statements received by Plaintiff and the other Flight Attendants accurately reflected the wages actually earned. Because the issues presented are not complicated, and can be resolved on a class wide basis, Plaintiff does not believe there should be bifurcation of merits and class discovery. Indeed, there is nothing to indicate that the Plaintiff was paid any differently than any of the other American Airlines Flight Attendants. Bifurcation is disfavored where, as here, class-certification discovery "'overlaps substantially with . . . merits' discovery," as is often the case. *Dupres v. Houslanger & Assocs., PLLC,* No. 19-CV-6691-RPK-SJB, 2021



U.S. Dist. LEXIS 108513, 2021 WL 2373737, at *2 (E.D.N.Y. June 9, 2021); *Hines v. Overstock.com, Inc.,* No. 09-CV-991 (SJ), 2010 U.S. Dist. LEXIS 70205, 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010) ("[W]here discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes.").

Plaintiff proposes four months for fact discovery, followed by an additional two months for expert discovery, if necessary. Thirty days prior to the end of the discovery period, the parties will propose and stipulate to briefing schedules for Plaintiff's motion for class certification and Defendant's motion for summary judgment.

American's Position

American proposes bifurcating discovery, with the parties initially limiting discovery and dispositive motion practice to the merits of Plaintiff's individual claims. The facts needed to resolve Plaintiff's individual claims do not require extensive discovery—Plaintiff knows what his job duties are, as does American. The parties should be able to complete such individual discovery in just four months after Plaintiff files his amended complaint—i.e., by February 2, 2024—and file any pre-motion letters regarding dispositive motions on Plaintiff's individual claims shortly thereafter. By contrast, class discovery would be significantly more complicated, and thus more costly and time-consuming, including because there are different types of flight attendant positions at American (such as leads and pursers). If discovery is not bifurcated, American believes a longer discovery period of at least eight months will be required.

Accordingly, American proposes that the Court bifurcate discovery between Plaintiff's individual claims and class certification, set a four-month discovery period on Plaintiff's individual claims, and require that the parties bring any dispositive motions regarding Plaintiff's individual claims after the close of that initial discovery period. This will allow for the possibility of a swift resolution of Plaintiff's claims, thereby saving the parties and the court from engaging in lengthy and expensive class discovery. *See Kuznetsov v. XpresSpa-Jdee JV, LLC*, No. 10-cv-3473 (KAM) (JMA), Dkt. No. 23 (E.D.N.Y. Mar. 25, 2011) (ordering a bifurcated discovery schedule for individual discovery and class discovery, as this approach "best strikes a balance between judicial and resource economy, and prevention of prejudice to prospective class members"); *see also Cucinotta v. Personal-Touch Home Care of N.Y., Inc.*, No. 2:19-cv-00057 (SJF) (AYS), Dkt. No. 56 (E.D.N.Y. Nov. 14, 2019) (ordering a bifurcated discovery schedule for individual discovery and class discovery).

Respectfully submitted,

/s/ Mark W. Robertson

Mark W. Robertson
for O'MELVENY & MYERS LLP

cc:   All counsel of record